UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-cv-61760-Dimitrouleas/Snow

CRAIG HEWELL,

    Plaintiff,

v.

NOR-SEG SECURITY SERVICES, INC.

    Defendant.

_____/

## CONFIDENTIAL SETTLEMENT AGREEMENT WAIVER AND RELEASE

This Confidential Settlement Agreement Waiver and Release (Agreement) is entered into by and between CRAIG HEWELL, on behalf of himself, his agents, representatives, assignees, heirs, executors, beneficiaries, trustees (collectively "Plaintiff"), and Nor-Seg Security Services, Inc., on behalf of itself, all of its subsidiaries, partners, members, related entities, predecessors, successors, assigns, trustees, officers, directors, employees, agents, joint ventures and affiliated owners and Russell C. Grande, on behalf of himself, his agents, representatives, assignees, heirs, executors, beneficiaries and trustees (collectively "Defendant").

Whereas, Plaintiff filed a lawsuit in the United States District Court for the Southern District of Florida styled *Hewell v. Nor-Seg Security Services, Inc.*, Case No. 16-cv-61760; and

Whereas, Defendant does not admit any liability; and

Whereas, the parties prefer to avoid the expense and uncertainty of trial and have instead decided to resolve this matter amicably; and

Whereas, Plaintiff and Defendant now set forth in detail all the terms of their settlement and, by this Agreement, intend to resolve all matters that were or could be raised in any litigation

**EXHIBIT A**

between the parties and any and all claims which Plaintiff has or may have against Defendant arising out of or relating to the employment with Defendant.

Now, therefore, in consideration of the mutual promises contained herein, the parties agree as follows:

I. **CONSIDERATION**

    A.    In consideration for the promises contained in this Agreement, Defendant shall pay Plaintiff, inclusive of all fees and costs, a total sum of TWELVE THOUSAND FIVE HUNDRED DOLLARS ($12,500.00). The payments shall be made as follows:

        1.    One payment of $6,250.00 on February 14, 2017 or within five days of Defendants' receipt of this settlement agreement signed by Plaintiff, whichever is later.

        2.    One payment of $6,250.00 on April 3, 2017

Payments shall be made out to Koz Law, P.A. and delivered to Koz Law, P.A., 320 S.E., 9th Street, Fort Lauderdale, Florida 33316 in accordance with this schedule. All payments will be held in the Trust Account of Koz Law, P.A. and no payments shall be disbursed to Plaintiff or Plaintiff's counsel until the Court issues an Order dismissing this matter with prejudice. Defendant shall issue IRS Form 1099 to Plaintiff. Out of the settlement proceeds, Plaintiff is receiving $2,500 as wages and $2,500 as liquidated damages. Plaintiff's counsel is receiving $7,000 as attorneys' fees and $500 as costs. Plaintiff's counsel shall send Defendants' counsel a IRS Form W-9 for Koz Law, P.A. Defendants shall issue a proper 1099 to Koz Law, P.A. for $7,500.00.

    B.    Upon the signing of this Agreement, the parties will submit the instant Agreement to the Court for review and approval. Defendant intends to seek the Court's *in camera* review of the settlement agreement and agrees to draft all necessary filings to effectuate that review. If the Court denies *in camera* review, this settlement agreement shall be filed on the docket for the Court's review and approval.

Plaintiff agrees that he shall be individually liable for Plaintiff's tax liability which may be

**EXHIBIT A**

due as a result of the payment received from the settlement of this disputed claim as set forth in this Agreement.

Plaintiff acknowledges and agrees he is receiving the full payment to which he is entitled for all wages, damages, liquidated damages and attorneys' fees and costs.

C.  If (1) Defendant fails to deliver any payment above on or before the payment's respective Delivery Date, (2) notice of default is sent to Defendant's counsel (e-mail to blanca@martinezsordolaw.com or fax to 786-472-7030 is sufficient notice), and (3) Defendant fails to cure default by delivering proper payment within five (5) calendar days of notice of default, Plaintiff shall be entitled to a default final judgment in the amount of $15,500.00, less any payments already made by Defendant. In any action brought to enforce the terms of this Agreement, including the confidentiality provisions contained below, the prevailing party shall be entitled to attorneys' fees and costs.

## II. NO REHIRE

Plaintiff agrees not to seek re-employment with Defendant or any of its subsidiaries or affiliates at any point in the future. Should Plaintiff seek such employment, Defendant' failure to hire Plaintiff shall not be deemed discrimination or retaliation or otherwise unlawful.

## III. MUTUAL RELEASE

The parties intend this Agreement to bar each and every claim, demand, and cause of action described in this section and every claim, demand or cause of action which could possibly be brought by either party against the other. Therefore, in consideration of the promises made by Plaintiff and Defendant in this Agreement, Plaintiff and Defendant agree never to institute any suit, complaint, proceeding, grievance or action of any kind at law, in equity, or otherwise in any court of the United States, state or municipality against each other arising from or relating to Plaintiff's employment or separation of employment with Defendant, except any action to enforce the instant Agreement.

**EXHIBIT A**

Specifically, Plaintiff and Defendant hereby release and forever discharge each other from:

a.  all claims raised or which could have been raised in the current Lawsuit;

b.  all claims for contractual payments or obligations, salary, wages, compensation, specific performance, monetary relief, employment, ownership interests, stock options, indemnities, benefits, including but not limited to any claims for benefits under, or contribution to, an employee benefit plan, profit-sharing or any retirement plan, bonuses, merit and longevity increases, commissions, severance payments, and all other benefits of all kind, earnings, back pay, front pay, liquidated and other damages, compensatory damages, punitive damages, damage to character, damage to reputation, emotional distress, mental anguish, depression, injury, impairment in locating employment, financial loss, pain and suffering, injunctive and declaratory relief, interest, attorneys fees and costs;

c.  any and all claims growing out of, resulting from, or connected in any way to Plaintiff's employment with Defendant and the separation/termination thereof, including any and all claims for breach of contract, detrimental reliance, fraud, discrimination, impairment of contract, impairment of right to contract, harassment of any kind, retaliation, whistle blowing, rescission, specific performance, promises, torts of all kinds, including but not limited to assault, battery, defamation, misrepresentation, intentional infliction of emotional distress, interference with an advantageous business relationship, libel, misrepresentation, negligent or otherwise, negligent employment, including negligent hiring, negligent retention and negligent supervision, prima facie tort, slander, claims or rights under state and federal legislation including, the Age Discrimination in Employment Act of 1967, as amended [29 U.S.C. §§ 621 - 634], the Americans with Disabilities Act, as amended [42 U.S.C. §§ 12101 12213], the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended [Pub. L. 99-509], the Employee Retirement Income

**EXHIBIT A**

Security Act of 1974, as amended [29 U.S.C. §§ 1001 1461], the Equal Pay Act, as amended [29 U.S.C. _ 206(d)], the Fair Labor Standards Act, as amended [29 U.S.C. §§ 201 219], the Family and Medical Leave Act, as amended [29 U.S.C. §§ 2601 2654], the National Labor Relations Act, as amended [29 U.S.C. §§ 151 169], the Occupational Safety and Health Act, as amended [29 U.S.C. §§ 651 678], the Older Workers Benefit Protection Act, as amended, [as codified at 29 U.S.C. § 626(f)], and Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C. §§ 2000e 2000e17], 42 U.S.C. _ 1981, the Florida Civil Rights Act of 1992, as amended [§§ 760.01 – 760.13, Fla. Stat. (2007)], the Florida Whistle-Blower Act [§§ 448.101 – 448.105, Fla. Stat. (2007)] and any other claim of any kind.

    d.    any and all rights and causes of action and administrative and judicial relief which they might otherwise have available in the state and federal courts, including all common law claims and claims under federal and state constitutions, statutes and regulations and federal executive orders and county and municipal ordinances and regulations, as well as before the Wage and Hour Division, the Occupational Safety and Health Administration and any other division or department of the U.S. Department of Labor, the Equal Employment Opportunity Commission, the National Labor Relations Board, the Florida Commission on Human Relations or any other federal, state or local administrative agency. Plaintiff promises never to file, participate in or prosecute a lawsuit, complaint, charge or other proceeding asserting any claims against Defendant except if it becomes necessary to enforce the terms of this Agreement. Plaintiff further agrees not to voluntarily participate in any claim brought by any other party against Defendant.

    e.    Plaintiff had an opportunity to review all wages paid to him and acknowledges he has received payment for all work performed and is not owed any wages from Defendant other than those Defendant is paying as consideration as recited above.

# EXHIBIT A

f.  Defendant releases Plaintiff from any and all claims arising out of the employment relationship or the termination of the employment relationship except for any claims arising out of the enforcement of this Agreement.

## IV. NON ADMISSION OF LIABILITY

Plaintiff and Defendant agree that this Agreement does not constitute, is not intended to be, and shall not be construed, interpreted, or treated in any respect as an admission of any liability or wrongdoing by Defendant. This is the settlement of a bona fide dispute in which Plaintiff is receiving compensation for his entire claim and for any wages he may claim are due.

## V. CONFIDENTIALITY- MUTUAL

The Parties agree that they will keep the existence and terms of this Agreement strictly confidential. If inquiries arise concerning this Agreement or the Lawsuit, Plaintiff may reply that the matter has been resolved, but shall make no other comment. Plaintiff further agrees that he will not review, discuss or disclose, orally or in writing, the existence of this Agreement, the communications leading to this Agreement, or the terms and provisions of this Agreement with any person other than his attorneys or tax consultants.

Plaintiff agrees that should he be compelled by Court order, subpoena or any other legal means to discuss the terms of this Agreement he shall first, before revealing any such information, contact Defendant through their attorney, Blanca R. Sordo, Martinez & Sordo, P.A., 7300 North Kendall Drive, Suite 380, Miami, Florida 33156, and provide them an opportunity to challenge any such subpoena, court order or other legal process.

**EXHIBIT A**

VI.  ENTIRE AGREEMENT

Plaintiff and Defendant further agree that this Agreement sets forth the entire agreement between the parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement. No other promises or agreements shall be binding unless made in writing and signed by Plaintiff and Defendant.

VII.  FULL KNOWLEDGE, CONSENT AND VOLUNTARY SIGNING

Plaintiff agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; have not been coerced threatened, or intimidated into signing this Agreement; and have been advised to consult with an attorney, and in fact have consulted with counsel, acknowledge that this Agreement has been explained to him in a language and terms he understands.

**EXHIBIT A**

## VIII. SEVERABILITY

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, Plaintiff and Defendant agree that the remaining portions shall not be affected and shall be given full force and effect.

## IX. ENFORCEMENT

This Agreement, and each and every term hereof, shall be construed in accordance with the laws of the State of Florida. The parties agree the Court, upon approving the instant Agreement, shall retain jurisdiction to enforce its provisions. If the Court denies the request to retain jurisdiction, then any action to enforce the terms of this Agreement may be brought in a court of competent jurisdiction in Miami-Dade County, Florida. In any action brought to enforce the terms of this Agreement, including the confidentiality provisions contained below, the prevailing party shall be entitled to attorneys' fees and costs.

## X. PARTIES REPRESENTED BY COUNSEL

This Agreement is not to be construed against any party. All parties were represented by counsel and participated in the drafting of this Agreement.

## XI. EXECUTION

This Agreement may be executed in counterparts. An executed version of this Agreement, if transmitted by facsimile, shall be effective and binding as if it were the originally executed document.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

# EXHIBIT A

AGREED TO AND ACCEPTED BY

PLAINTIFF:

_Craig Hewell_ (signature)        3-2-17
Craig Hewell                      Date
Plaintiff


DEFENDANT:


_____    _____
As Agent for Nor-Seg, Inc.        Date

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-cv-61760-Dimitrouleas/Snow

CRAIG HEWELL,

    Plaintiff,

v.

NOR-SEG SECURITY SERVICES, INC.

    Defendant.

_____/

## CONFIDENTIAL SETTLEMENT AGREEMENT WAIVER AND RELEASE

This Confidential Settlement Agreement Waiver and Release (Agreement) is entered into by and between CRAIG HEWELL, on behalf of himself, his agents, representatives, assignees, heirs, executors, beneficiaries, trustees (collectively "Plaintiff"), and Nor-Seg Security Services, Inc., on behalf of itself, all of its subsidiaries, partners, members, related entities, predecessors, successors, assigns, trustees, officers, directors, employees, agents, joint ventures and affiliated owners and Russell C. Grande, on behalf of himself, his agents, representatives, assignees, heirs, executors, beneficiaries and trustees (collectively "Defendant").

Whereas, Plaintiff filed a lawsuit in the United States District Court for the Southern District of Florida styled *Hewell v. Nor-Seg Security Services, Inc.*, Case No. 16-cv-61760; and

Whereas, Defendant does not admit any liability; and

Whereas, the parties prefer to avoid the expense and uncertainty of trial and have instead decided to resolve this matter amicably; and

Whereas, Plaintiff and Defendant now set forth in detail all the terms of their settlement and, by this Agreement, intend to resolve all matters that were or could be raised in any litigation

**EXHIBIT A**

between the parties and any and all claims which Plaintiff has or may have against Defendant arising out of or relating to the employment with Defendant.

Now, therefore, in consideration of the mutual promises contained herein, the parties agree as follows:

## I. CONSIDERATION

A. In consideration for the promises contained in this Agreement, Defendant shall pay Plaintiff, inclusive of all fees and costs, a total sum of TWELVE THOUSAND FIVE HUNDRED DOLLARS ($12,500.00). The payments shall be made as follows:

1. One payment of $6,250.00 on February 14, 2017 or within five days of Defendants' receipt of this settlement agreement signed by Plaintiff, whichever is later.

2. One payment of $6,250.00 on April 3, 2017

Payments shall be made out to Koz Law, P.A. and delivered to Koz Law, P.A., 320 S.E., 9th Street, Fort Lauderdale, Florida 33316 in accordance with this schedule. All payments will be held in the Trust Account of Koz Law, P.A. and no payments shall be disbursed to Plaintiff or Plaintiff's counsel until the Court issues an Order dismissing this matter with prejudice. Defendant shall issue IRS Form 1099 to Plaintiff. Out of the settlement proceeds, Plaintiff is receiving $2,500 as wages and $2,500 as liquidated damages. Plaintiff's counsel is receiving $7,000 as attorneys' fees and $500 as costs. Plaintiff's counsel shall send Defendants' counsel a IRS Form W-9 for Koz Law, P.A. Defendants shall issue a proper 1099 to Koz Law, P.A. for $7,500.00.

B. Upon the signing of this Agreement, the parties will submit the instant Agreement to the Court for review and approval. Defendant intends to seek the Court's *in camera* review of the settlement agreement and agrees to draft all necessary filings to effectuate that review. If the Court denies *in camera* review, this settlement agreement shall be filed on the docket for the Court's review and approval.

Plaintiff agrees that he shall be individually liable for Plaintiff's tax liability which may be

**EXHIBIT A**

due as a result of the payment received from the settlement of this disputed claim as set forth in this Agreement.

Plaintiff acknowledges and agrees he is receiving the full payment to which he is entitled for all wages, damages, liquidated damages and attorneys' fees and costs.

C.  If (1) Defendant fails to deliver any payment above on or before the payment's respective Delivery Date, (2) notice of default is sent to Defendant's counsel (e-mail to blanca@martinezsordolaw.com or fax to 786-472-7030 is sufficient notice), and (3) Defendant fails to cure default by delivering proper payment within five (5) calendar days of notice of default, Plaintiff shall be entitled to a default final judgment in the amount of $15,500.00, less any payments already made by Defendant. In any action brought to enforce the terms of this Agreement, including the confidentiality provisions contained below, the prevailing party shall be entitled to attorneys' fees and costs.

## II.  NO REHIRE

Plaintiff agrees not to seek re-employment with Defendant or any of its subsidiaries or affiliates at any point in the future. Should Plaintiff seek such employment, Defendant' failure to hire Plaintiff shall not be deemed discrimination or retaliation or otherwise unlawful.

## III.  MUTUAL RELEASE

The parties intend this Agreement to bar each and every claim, demand, and cause of action described in this section and every claim, demand or cause of action which could possibly be brought by either party against the other. Therefore, in consideration of the promises made by Plaintiff and Defendant in this Agreement, Plaintiff and Defendant agree never to institute any suit, complaint, proceeding, grievance or action of any kind at law, in equity, or otherwise in any court of the United States, state or municipality against each other arising from or relating to Plaintiff's employment or separation of employment with Defendant, except any action to enforce the instant Agreement.

**EXHIBIT A**

Specifically, Plaintiff and Defendant hereby release and forever discharge each other from:

a. all claims raised or which could have been raised in the current Lawsuit;

b. all claims for contractual payments or obligations, salary, wages, compensation, specific performance, monetary relief, employment, ownership interests, stock options, indemnities, benefits, including but not limited to any claims for benefits under, or contribution to, an employee benefit plan, profit-sharing or any retirement plan, bonuses, merit and longevity increases, commissions, severance payments, and all other benefits of all kind, earnings, back pay, front pay, liquidated and other damages, compensatory damages, punitive damages, damage to character, damage to reputation, emotional distress, mental anguish, depression, injury, impairment in locating employment, financial loss, pain and suffering, injunctive and declaratory relief, interest, attorneys fees and costs;

c. any and all claims growing out of, resulting from, or connected in any way to Plaintiff's employment with Defendant and the separation/termination thereof, including any and all claims for breach of contract, detrimental reliance, fraud, discrimination, impairment of contract, impairment of right to contract, harassment of any kind, retaliation, whistle blowing, rescission, specific performance, promises, torts of all kinds, including but not limited to assault, battery, defamation, misrepresentation, intentional infliction of emotional distress, interference with an advantageous business relationship, libel, misrepresentation, negligent or otherwise, negligent employment, including negligent hiring, negligent retention and negligent supervision, prima facie tort, slander, claims or rights under state and federal legislation including, the Age Discrimination in Employment Act of 1967, as amended [29 U.S.C. §§ 621 - 634], the Americans with Disabilities Act, as amended [42 U.S.C. §§ 12101 12213], the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended [Pub. L. 99-509], the Employee Retirement Income

**EXHIBIT A**

Security Act of 1974, as amended [29 U.S.C. §§ 1001 1461], the Equal Pay Act, as amended [29 U.S.C. _ 206(d)], the Fair Labor Standards Act, as amended [29 U.S.C. §§ 201 219], the Family and Medical Leave Act, as amended [29 U.S.C. §§ 2601 2654], the National Labor Relations Act, as amended [29 U.S.C. §§ 151  169], the Occupational Safety and Health Act, as amended [29 U.S.C. §§ 651  678], the Older Workers Benefit Protection Act, as amended, [as codified at 29 U.S.C. § 626(f)], and Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C. §§ 2000e 2000e17], 42 U.S.C. _ 1981, the Florida Civil Rights Act of 1992, as amended [§§ 760.01 – 760.13, Fla. Stat. (2007)], the Florida Whistle-Blower Act [§§ 448.101 – 448.105, Fla. Stat. (2007)] and any other claim of any kind.

  d. any and all rights and causes of action and administrative and judicial relief which they might otherwise have available in the state and federal courts, including all common law claims and claims under federal and state constitutions, statutes and regulations and federal executive orders and county and municipal ordinances and regulations, as well as before the Wage and Hour Division, the Occupational Safety and Health Administration and any other division or department of the U.S. Department of Labor, the Equal Employment Opportunity Commission, the National Labor Relations Board, the Florida Commission on Human Relations or any other federal, state or local administrative agency. Plaintiff promises never to file, participate in or prosecute a lawsuit, complaint, charge or other proceeding asserting any claims against Defendant except if it becomes necessary to enforce the terms of this Agreement. Plaintiff further agrees not to voluntarily participate in any claim brought by any other party against Defendant.

  e. Plaintiff had an opportunity to review all wages paid to him and acknowledges he has received payment for all work performed and is not owed any wages from Defendant other than those Defendant is paying as consideration as recited above.

**EXHIBIT A**

  f.  Defendant releases Plaintiff from any and all claims arising out of the employment relationship or the termination of the employment relationship except for any claims arising out of the enforcement of this Agreement.

## IV. NON ADMISSION OF LIABILITY

Plaintiff and Defendant agree that this Agreement does not constitute, is not intended to be, and shall not be construed, interpreted, or treated in any respect as an admission of any liability or wrongdoing by Defendant. This is the settlement of a bona fide dispute in which Plaintiff is receiving compensation for his entire claim and for any wages he may claim are due.

## V. CONFIDENTIALITY- MUTUAL

The Parties agree that they will keep the existence and terms of this Agreement strictly confidential. If inquiries arise concerning this Agreement or the Lawsuit, Plaintiff may reply that the matter has been resolved, but shall make no other comment. Plaintiff further agrees that he will not review, discuss or disclose, orally or in writing, the existence of this Agreement, the communications leading to this Agreement, or the terms and provisions of this Agreement with any person other than his attorneys or tax consultants.

Plaintiff agrees that should he be compelled by Court order, subpoena or any other legal means to discuss the terms of this Agreement he shall first, before revealing any such information, contact Defendant through their attorney, Blanca R. Sordo, Martinez & Sordo, P.A., 7300 North Kendall Drive, Suite 380, Miami, Florida 33156, and provide them an opportunity to challenge any such subpoena, court order or other legal process.

**EXHIBIT A**

## VI. ENTIRE AGREEMENT

Plaintiff and Defendant further agree that this Agreement sets forth the entire agreement between the parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement. No other promises or agreements shall be binding unless made in writing and signed by Plaintiff and Defendant.

## VII. FULL KNOWLEDGE, CONSENT AND VOLUNTARY SIGNING

Plaintiff agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; have not been coerced threatened, or intimidated into signing this Agreement; and have been advised to consult with an attorney, and in fact have consulted with counsel, acknowledge that this Agreement has been explained to him in a language and terms he understands.

**EXHIBIT A**

## VIII. SEVERABILITY

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, Plaintiff and Defendant agree that the remaining portions shall not be affected and shall be given full force and effect.

## IX. ENFORCEMENT

This Agreement, and each and every term hereof, shall be construed in accordance with the laws of the State of Florida. The parties agree the Court, upon approving the instant Agreement, shall retain jurisdiction to enforce its provisions. If the Court denies the request to retain jurisdiction, then any action to enforce the terms of this Agreement may be brought in a court of competent jurisdiction in Miami-Dade County, Florida. In any action brought to enforce the terms of this Agreement, including the confidentiality provisions contained below, the prevailing party shall be entitled to attorneys' fees and costs.

## X. PARTIES REPRESENTED BY COUNSEL

This Agreement is not to be construed against any party. All parties were represented by counsel and participated in the drafting of this Agreement.

## XI. EXECUTION

This Agreement may be executed in counterparts. An executed version of this Agreement, if transmitted by facsimile, shall be effective and binding as if it were the originally executed document.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

**EXHIBIT A**

AGREED TO AND ACCEPTED BY

PLAINTIFF:

_____      _____
Craig Hewell                                                                        Date
Plaintiff


DEFENDANT:

_____      3/4/2017 .
As Agent for Nor-Seg, Inc.                                            Date

**EXHIBIT A**